UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:14-CR-58 |
| vs. | ) | |
| | ) | |
| DANIEL MAIER | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

I. Introduction

The Court entered an order on August 8, 2014 granting a motion for psychiatric evaluation pursuant to 18 U.S.C. §§4241 and 4247. A Forensic Evaluation was received by the undersigned Magistrate Judge on September 16, 2014 and was placed in the Court file under seal by order of October 17, 2014 (Doc. 21).

The parties stipulate to the contents of the Forensic Evaluation. The evidence before the Court is the evaluation of Jessica Micono, Psy.D. of the Federal Detention Center in Englewood, Colorado. The forensic evaluation recommends that Defendant Maier be involved in treatment, both psychosocial and medication, to help improve his Schizophrenia and other psychotic disorders that may become chronic conditions if left untreated. Treatment is recommended if Defendant is to realize improvement of his symptoms, or prevent further deterioration of his mental status. It is recommended that Defendant be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d).

When the question of competency is raised, the government has the burden of proving competency by a preponderance of the evidence. *United States v. Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991), *cert. denied*, 506 U.S. 932 (199); *United States v. Velazquez*, 885 F.2d 1076, 1089 (3rd Cir. 1989), *cert. denied*, 494 U.S. 1017

(1990); *Lowenfield v. Phelps*, 817 F.2d 285, 294 (5th Cir. 1987), *aff'd*, 484 U.S. 231 (1988). In this case, the government appears to concede that Defendant is not presently competent (Doc. 17) and the Court finds by the preponderance of the evidence that Defendant Daniel Maier is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense, and unable to appreciate the nature, quality, or wrongfulness of the offenses charged.

II. Conclusion

It is RECOMMENDED[1]:

(1) The Court commit the defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General hospitalize the defendant for treatment in a suitable facility:

    A. For a reasonable period of time not to exceed four (4) months as is deemed necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the sentencing to proceed, and

    B. For an additional reasonable period of time until:

        1. Defendant's mental condition is so improved that the sentencing may proceed if the Court finds there is a substantial probability that within such an additional period of time he will attain the capacity to permit the sentencing to proceed, or

        2. The pending charges against defendant are disposed of according to law, whichever is earlier.

    C. The initial report was performed at the Federal Detention Center in Englewood, Colorado. It is therefore recommended that the Court request that defendant remain at that facility or a such facility as may be designated.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

(3) The Court be notified of Defendant's status following hospitalization and/or upon his return to this district.

          S/*William B. Mitchell Carter*
          UNITED STATES MAGISTRATE JUDGE